UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00413-GNS-DW

EMILY K. EDWARDS                                                                                            PLAINTIFF

v.

CAVALRY PORTFOLIO SERVICES, LLC, and
PSI LOUISVILLE, INC.                                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Cavalry Portfolio Services, LLC's ("CPS") Motion to Dismiss Plaintiff's First Amended Complaint (Def.'s Mot. to Dismiss Pl.'s First Am. Compl., DN 27 [hereinafter Def.'s Mot. to Dismiss]), and Plaintiff Emily K. Edwards' ("Edwards") Motion to File a Second Amended Complaint (Pl.'s Mot. for Leave to File Second Am. Compl., DN 30)[1]. For the reasons stated below, the Court **DENIES** both motions.

## I. BACKGROUND

In May 2012, CPS acquired credit card debt owed by Edwards to GE Capital Retail Bank ("GECRB") in the amount of $465.00, per CPS. (First Am. Compl. 3-4, DN 22). GECRB had charged off the debt at the time it sold the debt to CPS. (First Am. Compl. 3). In March of 2014, Edwards received a Consumer Liability Report ("CLR") from CIN Legal Data Services, which utilized information from three major consumer credit reporting agencies ("CRA"), *i.e.*, Experian, Equifax, and Trans Union. (First Am. Compl. 3). According to the CLR, the amount of

---

[1] Edwards did not file a separate motion for leave to file her second amended complaint; her request to do so appears in her response to CPS's motion. (Pl.'s Resp. to Def.'s Mot. to Dismiss 2, DN 29 [hereinafter Pl.'s Resp.]). For purposes of case management, however, her request has been assigned its own docket number in the court's electronic filing system.

the debt on the account in question, ending in 1006 per the CLR, as of March 10, 2014, was $684.00, $219.00 more than the $465.00 Edwards owed GECRB at the time that CPS acquired the debt. (First Am. Compl. 3).

Edwards had three accounts through GECRB, none of which end in 1006. (First Am. Compl. 4). CPS has represented to Edwards that it has furnished negative credit information to one or more CRAs for a GECRB account ending in 8070, and Edwards agrees that she has a debt associated with this account. (First Am. Compl. 4). She believes, however, that it had a balance of $250.00 at the time of its purchase by CPS, rather than the $465.00 asserted by CPS. (First Am. Compl. 4).

Edwards states that GECRB affirmatively waived its right to charge interest on the account after charging off the account. (First Am. Compl. 5). Thus, neither CPS nor the entity that assigned the debt to it for collection, Cavalry SPV I, LLC, acquired the right from GECRB to charge interest on that debt. (First Am. Compl. 5-6). She also states that CPS did not have the right under Kentucky's usury statute to accrue and assess interest on the debt. (First Am. Compl. 5). Edwards believes that, nevertheless, CPS has assessed interest on the GECRB debt, and did so prior to demanding payment of the debt. (First Am. Compl. 5). Edwards also states that she has no proof or evidence that CPS has the right to the debt charged off by GECRB. (First Am. Compl. 5).

Edwards claims that CPS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, by: 1) falsely representing that she owes a debt that she does not owe; 2) furnishing an incorrect and inflated amount of the debt; 3) threatening to take an action that cannot legally be taken; 4) reporting false credit information; and 5) attempting to collect an amount not authorized by the agreement creating the debt or permitted by law. (First. Am.

Compl. 7). CPS filed its motion to dismiss on January 14, 2015 (Def.'s Mot. to Dismiss), Edwards has responded (Pl.'s Resp.) and CPS has filed its reply (Def.'s Reply in Supp. of its Mot. to Dismiss, DN 33 [hereinafter Def.'s Reply]). This matter is thus ripe for adjudication.

## II. JURISDICTION

Plaintiff alleges violations of the FDCPA. This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). In order to survive a 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading need not contain detailed factual allegations, but the nonmoving party must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted).

After the time period has elapsed for a party to amend its pleadings as a matter of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may consider several elements in determining whether to permit an amendment: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973) (citation omitted).

## IV. DISCUSSION

In its motion, CPS argues that: 1) Kentucky's usury statute does not apply; 2) Edwards did not sufficiently allege that GECRB waived its right to interest on her account; 3) Edward's claim that she does not know whether or not CPS has the right to collect the debt does not state a claim for relief; 4) absent a demand for payment, Edwards fails to state a claim; 5) Edwards cannot show that the alleged accrual and reporting of interest is false, deceptive, or misleading; and 6) Edwards cannot show that CPS took an action that is not permitted by law or that it could not legally perform (Def.'s Mot. to Dismiss 3-10).

### A.   Assessment and Accrual of Interest

Edwards alleges in her First Amended Complaint that GECRB did not have the right under KRS 360.010, Kentucky's usury statute, to assess and accrue interest on the already charged-off debt. (First Am. Compl. 5). CPS argues that KRS 360.010 does not apply when there is a contract; it merely sets a default interest rate for debts that do not have a controlling contract setting the interest rate on the debt. (Def.'s Mot. to Dismiss 3-5). Thus, CPS argues, because

4

Edwards has not pleaded the absence of such a contract, KRS 360.010 is inapplicable and does not present a basis for an FDCPA claim. (Def.'s Mot. to Dismiss 3-5).

Edwards' response and proposed Second Amended Complaint clarify that her argument regarding KRS 360.010 is part of a two-step argument that CPS had no right to collect interest on the debt. (Pl.'s Resp. 8-9; Second Am. Compl. 5, DN 29-2). CPS is correct that Edwards has not pleaded any facts that would make KRS 360.010 applicable thus it alone cannot be a basis for an FDCPA claim. Edwards' does not raise it alone, however; she raises it as part of a larger argument that CPS did not have a legal right to collect interest from her, and thus had no right to report the amount of the debt as any amount other than the principal amount. The rest of the argument is that GECRB affirmatively waived its right to assess interest on Edwards' credit card accounts after charge off, and thus that CPS did not have a contractual right to assess interest on Edwards' debt. (Pl. Resp. 10-14; First Am. Compl. 5-6).

CPS argues that simply stating that GECRB affirmatively waived its right to assess interest after charging off the debt based "upon information and belief" is insufficient as it does not allege an act amounting to waiver. (Def.'s Mot. to Dismiss 5-6). The Court is obligated, however, to construe the Complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette*, 41 F.3d at 1064 (citation omitted). Assuming Edwards' allegation as true, Edwards has stated that the amount of the debt is greater than it was when CPS purchased it, which leads to the permissible inference that CPS has been assessing and accruing interest, and has stated that CPS is not entitled either by statute or contract to assess interest on the debt. Those allegations are sufficient to allege a cause of action under the FDCPA. The Court will therefore deny the motion to dismiss as to issue of the assessment and accrual of interest in violation in Sections 1692e and 1692f.

### B. Knowledge of Right to Collect

Edwards states that she "has no knowledge that either Cavalry or CPS has any right to collect the charged-off GECRB – Dillards DC credit card account ending in 8070." (First Am. Compl. 5). CPS argues that Edwards' lack of knowledge regarding CPS's right to collect the debt cannot form the basis of an FDCPA violation. (Def.'s Mot. to Dismiss 6-7). Edwards does not address this argument in her response to CPS's motion.

A claim by a debtor that she did not receive adequate notice of the creditor to whom the debt is owed constitutes a claim pursuant to Section 1692g(a). 15 U.S.C. § 1692g(a). In her claims for relief, however, Edwards does not assert a claim under Section 1692g. (First Am. Compl. 7). To the extent that Edwards intended to assert a claim pursuant to Section 1692g, however, CPS is incorrect that the claim must be dismissed.

Section 1692g(a) mandates that a debt collector must give a debtor thirty days after receipt of a notice of the debt to dispute the debt. 15 U.S.C. § 1692g(a)(4). In her First Amended Complaint, Edwards references a letter date December 5, 2013, that CPS alleges it mailed to her. (First Am. Compl. 4-5). CPS attached the letter to its motion,[2] and that letter includes the notice of the thirty day window in which to dispute the debt. (Def.'s Mot. to Dismiss 12).

Implicit in Edwards' First Amended Complaint is an assertion that she did not receive the letter dated December 5, 2013. Whether or not the debtor must have actually received the notice in order for a debt collector to have complied with Section 1692g is unsettled in the Sixth Circuit. The Ninth Circuit has held that Section 1692g does not require that the debtor receive the notice; merely that it be sent. *Mahon v. Credit Bureau of Placer Cty., Inc.*, 171 F.3d 1197,

---

[2] The Court may consider the attachment to CPS's motion without converting the motion into one for summary judgment because Edwards referred to the letter in her First Amended Complaint, and it is central to any claim under Section 1692g. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

1201 (9th Cir. 1999). The Ninth Circuit reasoned that Section 1692g(a) "requires only that a Notice be 'sent' by a debt collector . . . . Nowhere does the statute require receipt of the Notice." *Id.* (citation omitted)

The Eastern District of Kentucky, citing *Mahon*, has reached the same conclusion. *Campbell v. Credit Bureau Sys., Inc.*, No. 08-CV-177-KSF, 2009 WL 211046, at *11 (E.D. Ky. Jan. 27, 2009) (citing *Mahon*, 171 F.3d 1197). That court, however, did not grant defendants' motions to dismiss or for summary judgment as it applied *Johnson v. Midland Credit*, No. 1:05 CV 1094, 2006 WL 2473004, at *12-13 (N.D. Ohio Aug. 24, 2006). After analyzing *Johnson* in light of the facts of that case, the court in *Campbell* held that the "no proof of receipt required" rule is not a rule at all, but instead is a rebuttable presumption. *Campbell*, 2009 WL 211046, at *12.

The Court is persuaded by *Campbell* that, in the context of the notice required by Section 1692g, the mailing of such a notice creates a rebuttable presumption that CPS has complied with the statutory requirements. At this early stage, Edwards has not had an opportunity to offer evidence rebutting the presumption, making a motion to dismiss on the issue premature. The Court will therefore deny the motion to dismiss to the extent that Edwards raises a claim under Section 1692g.

### C. Absence of Demand for Payment

Edwards asserts in her First Amended Complaint that she did not receive a demand for payment before CPS assessed interest on the debt. (First Am. Compl. 5). CPS argues that this allegation does not establish a basis for a claim under the FDCPA. (Def.'s Mot. to Dismiss 7). Edwards does not address this argument in her response, and the alleged fact that Edwards did not receive a demand for payment does not address any element of her enunciated claims.

7

Accordingly, the Court concludes that Edwards included her statement regarding the absence of a demand for payment as background information only.

### D. False, Deceptive, or Misleading

CPS next argues that Edwards cannot show that the alleged accrual and reporting of interest was false, deceptive, or misleading as required by Sections 1692e and 1692f. CPS's argument is two-pronged: first, that Edwards cannot dispute the validity of her debt at this point because she did not do so in accordance with Section 1692g, and second that she has not sufficiently alleged that CPS performed an illegal action. (Def.'s Mot. to Dismiss 7-10).

CPS cites a number of cases for the proposition that Edwards is barred from claiming that the debt is not hers because she did not dispute it in the timely fashion required by Section 1692g(a). (Def.'s Mot. to Dismiss 7-8). In each case, the plaintiff actually received the appropriate notice, but neglected to use the statutory debt validation procedure that the notice provided, or the plaintiff interacted with the defendant only telephonically. *Simington v. Clark Cty. Collection Serv.*, No. CV-10-8236-PCT-FJM, 2012 WL 1157077 (D. Ariz. Apr. 6, 2012); *Reed v. AFNI, Inc.*, No. 2:09-CV-459 TS, 2011 WL 112430, at *1 (D. Utah Jan. 13, 2011); *Daniel v. Asset Acceptance L.L.C.*, No. 06-15600, 2007 WL 3124640, at *1 (E.D. Mich. Oct. 23, 2007); *Bleich v. Revenue Maximization Group, Inc.*, 233 F. Supp. 2d 496, 497-98 (E.D.N.Y. 2002). The Court has inferred that Edwards did not receive CPS's letter containing the appropriate notices because Edwards alleges that she became aware of the debt through a report generated by a third party, not through any notice by CPS. (First Am. Compl. 3-5). While, as discussed above in section A, there is a rebuttable presumption that CPS complied with Section 1692g(a), Edwards has not had an opportunity to provide evidence rebutting the presumption, rendering inappropriate Defendant's present motion to dismiss.

Second, as discussed in section A above, Edwards has alleged that CPS performed an action that it cannot legally take, *i.e.*, it assessed and accrued interest on the debt without any contractual or statutory right. The Court has found those allegations sufficient to withstand a Rule 12(b)(6) motion; accordingly, the Court denies CPS's motion to dismiss.

### E. Motion for Leave to File Second Amended Complaint

Edwards' "motion" for leave to file her second amended complaint is in the form of a request to do so in her response. Edwards requests that, should the Court find that her First Amended Complaint is subject to dismissal, that the Court grant her leave to file her Second Amended Complaint. (Pl.'s Resp. 22). As the Court has found that Edwards' First Amended Complaint survives CPS's motion to dismiss, the Court will deny without prejudice Edwards' conditional request to file a second amended complaint.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** CPS's Motion to Dismiss Plaintiff's First Amended Complaint (DN 27) and Edwards' motion to file a second amended complaint (DN 30) are **DENIED**, the latter without prejudice.

**Greg N. Stivers, Judge**
**United States District Court**
August 31, 2015

cc:   counsel of record